UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

CYRIL BECKLES,                                 :

        Plaintiff,                              :   05 Civ. 2000 (JSR) (DF)

    -against-                                  :   **MEMORANDUM AND ORDER**

DWAYNE BENNETT, et al.,                        :

        Defendants.                            :
----------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

      Plaintiff Cyril Beckles ("Plaintiff"), proceeding *pro se*, has asked the Court to appoint counsel to represent him in this Section 1983 action. Although the Court cannot "appoint" counsel in a civil case, the Court can, in the interest of justice, request *pro bono* counsel to represent an indigent party, and, to that extent, Plaintiff's application is granted, for the reasons discussed below.

### BACKGROUND

      Plaintiff commenced this action by filing a complaint in January 2005, alleging that, while he was incarcerated at the Sing Sing Correctional Facility ("Sing Sing"), he was subjected to the excessive use of force by corrections officers, that he did not receive adequate medical care for his resulting injuries, and that he was retaliated against for complaining about the officers' conduct. (*See* Complaint, dated Jan. 19, 2005 (Dkt. 2).)[1] At the time he filed the

---

[1] Although the Complaint was not docketed until February 4, 2005, Plaintiff signed it on January 19, 2005, and, where a *pro se* plaintiff is incarcerated at the time a suit is commenced, the date on the pleading itself is generally deemed to be the filing date. *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993) (*pro se* prisoner litigant's § 1983 complaint considered "filed" as of date of delivery to prison officials for transmittal to court), *modified on other grounds*, 25 F.3d 81 (2d Cir. 1994).

Complaint, Plaintiff also sought leave to proceed in this Court *in forma pauperis*, and the Court granted that application on February 4, 2005.  (Dkt. 1.)

Defendants answered the Complaint (Dkt. 16), and discovery in the action then proceeded, under my supervision.  Based on information obtained in discovery, and with leave of Court, Plaintiff amended his Complaint in January 2007 to identify two defendants previously named as "John Does."  (*See* Amended Complaint, dated Jan. 2, 2007 ("Am. Compl.")) (Dkt. 48).)  At this point, discovery is nearly complete, and the case is close to being trial-ready.

Currently before the Court is Plaintiff's "Motion for Appointment of Counsel," dated June 22, 2006 ("Pl. Mot.") (Dkt. 30).[2]  In his motion, Plaintiff argues, *inter alia*, that "[t]he testimony in this case will be in sharp conflict" (Affidavit in Support of Motion for Appointment of Counsel, sworn to June 22, 2006 ("Pl. Aff."), ¶ 6), that he lacks legal training (*id.* ¶ 7), and that, as a result of his incarceration, he lacks the ability to investigate his case fully (*see id.* ¶¶ 8, 9).  Plaintiff further argues that he lacks the skills necessary to try his case before a jury (Memorandum of Law in Support of the Plaintiff's Motion for the Appointment of Counsel, dated June 22, 2006 ("Pl. Mem."), ¶ 6), and that his case has merit (*see id.* ¶¶ 7, 8).  Plaintiff attaches to his motion letters from three law firms that have apparently declined to represent him. (*See* Pl. Mot., Ex. A.)

---

[2] The Court did not immediately decide Plaintiff's motion, as, to the Court's understanding, an attorney had come forward to express potential interest in taking the case.  It is now the Court's understanding, however, that this attorney will not be appearing on Plaintiff's behalf.

**DISCUSSION**

Unlike criminal defendants, prisoners and indigents filing civil actions have no constitutional right to counsel. Under 28 U.S.C. § 1915(e)(1), however, the Court may request an attorney to represent any person unable to afford counsel. In this case, Plaintiff has already demonstrated that he is unable to afford counsel; his application to proceed *in forma pauperis* was granted on February 4, 2005.

"In deciding whether to appoint counsel, . . . [a] district [court] should first determine whether the indigent's position seems likely to be of substance." *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). In order to make such a determination, the Court must decide whether, "from the face of the pleading[s]," *Stewart v. McMikens*, 677 F. Supp. 226, 228 (S.D.N.Y. 1988), the claims asserted by the plaintiff "may have merit," or the plaintiff "appears to have some chance of success." *Baskerville v. Goord*, No. 97 Civ. 6413 (BSJ) (KNF), 2001 WL 527479, at *1 (S.D.N.Y. May 16, 2001) (quotation marks and citations omitted); *see also Hodge*, 802 F.2d at 60-61. While the Court should not appoint counsel "indiscriminately" just because an indigent litigant makes such a request, it is not necessary for the plaintiff to demonstrate that his claims will survive a motion to dismiss or a motion for summary judgment; rather, the Court must only find that the claims satisfy a "threshold showing of merit." *Hendricks*, 114 F.3d at 393-94.

Here, Plaintiff alleges that, after he had complained about prior threatening confrontations by certain of the defendants, several of the defendants entered the cell where Plaintiff was taking a shower, and, without provocation, assaulted Plaintiff while he was in the shower, punching him in the face, striking him on the back with a baton, pushing him to the

3

floor, placing him in handcuffs, and then kicking him and "stomp[ing]" on him.  (*See* Am. Compl. ¶¶ 15-21.)  Plaintiff further alleges that, following this assault, he complained of "pain and the spitting up of blood," and that his left wrist became swollen as a result of the restraints that had been used on him, but that he was denied medical treatment for his injuries.  (*Id.* ¶ 30.)  Plaintiff also asserts that he continued to be subjected to abuse by corrections officers following this incident, and that his grievances were denied, based at least in part on fabricated statements by defendants.  (*See id.* ¶¶ 42-54.)  At least on the face of Plaintiff's pleading, these allegations appear "to have some chance of success."  Thus, the Court finds that Plantiff has satisfied the requirement that he make a "threshold showing of merit."  *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 174 (2d Cir. 1989).

Where a plaintiff satisfies the threshold requirement of demonstrating that his position is likely to be of substance, the Court should then consider:  (1) the indigent's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact-finder; (3) the indigent's ability to present the case; (4) the complexity of the legal issues; and (5) any special reason in the case why appointment of counsel would be more likely to lead to a just determination.  *See Hodge*, 802 F.2d at 61-62; *see also Hendricks*, 114 F.3d at 394-95 (citing *Hodge*).  The Court should also consider whether the plaintiff has attempted to obtain a lawyer, and whether a lawyer is available to assist the plaintiff. *See Cooper*, 877 F.2d at 172.

In this case, Plaintiff's ability to investigate the facts relevant to his claim has been, and will likely continue to be, limited because of his incarceration.  *Hendricks*, 114 F.3d at 394 ("Throughout the case [plaintiff] has been incarcerated in the DOCS system, severely limiting

4

his ability to investigate and present the crucial facts in what appears to be a fact-intensive case."). Although, throughout the discovery process, Plaintiff has been able to articulate his positions and has consistently submitted well-written papers, the Court has less confidence that Plaintiff will be able, without difficulty, to prosecute his claims effectively at trial. In particular, it is likely that cross-examination will be crucial in this case, as Plaintiff has accused certain of the defendants of fabricating reports against him, and thus it appears that the defendants' credibility will be directly at issue. In addition, the conduct challenged by Plaintiff includes the excessive use of force, the denial of medical care, the falsification of records, and continuing retaliation by defendants for Plaintiff's complaints against them. Taken together, this array of allegations makes the case sufficiently complex that the Court is persuaded that Plaintiff would benefit from being represented by counsel at trial. *See, e.g.*, *id.* at 395 (noting that "the complexity of [the] legal issues [is] considerable" because the case required the plaintiff to "navigate the shifting burdens of a Section 1983 retaliation claim") (citation omitted). Finally, it should be noted that Plaintiff has made at least some efforts to secure counsel on his own, but has not been successful in his efforts.

In light of the fact that this case is nearing trial, and having considered the factors set out in *Hendricks* and *Hodge*, the Court finds that it would be reasonable and appropriate to grant Plaintiff's motion for counsel, to the extent the motion may be construed as an application for the Court to request *pro bono* counsel to represent Plaintiff.

## CONCLUSION

For all of the above reasons, the Court construes Plaintiff's June 2006 application for the "appointment of counsel" (Dkt. 30) as an application for the Court to "request counsel" for him,

and, as so construed, the application is granted. The *Pro Se* Office for this judicial district is therefore directed to request *pro bono* counsel for Plaintiff, in accordance with the *pro bono* panel's procedures.

Dated: New York, New York
       February 28, 2007

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Hon. Jed S. Rakoff, U.S.D.J.

*Pro Se* Office, S.D.N.Y.

Mr. Cyril Beckles, *pro se*
82-A-2761
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562-5442

Judy Prosper, Esq.
Office of New York State Attorney General
120 Broadway, 24th Floor
New York, NY 10271