```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
CYRIL BECKLES,                        :
                                      :
              Plaintiff,              :   05 Civ. 2000 (JSR)
                                      :
          -v-                         :   ORDER
                                      :
DWAYNE BENNETT, R. HAYWOOD, J.        :
WALKER, M. MENDEZ, B. HURRELL, J.     :
SINGLETON, V. GEORGE, L. PHIPPS, C.   :
GARDNER, S. CAMPER,                   :
                                      :
              Defendants.             :
------------------------------------- x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-26-08

JED S. RAKOFF, U.S.D.J.

On February 29, 2008, the Honorable Debra Freeman, United States Magistrate Judge, issued a detailed Report and Recommendation in the above-captioned matter recommending that defendants' motion for summary judgment be granted except as to 1) plaintiff's first claim to the extent it alleges that, in violation of the Eighth Amendment, defendants Bennett, Haywood, Walker, Hurrell, and Singleton used excessive force against plaintiff in the shower on May 7, 2004 and defendant Phipps failed to protect plaintiff from the use of such force; 2) plaintiff's second claim to the extent it alleges that, in violation of the Eighth Amendment, defendant Mendez used excessive force during a pat frisk on May 12, 2004 and defendant Haywood failed to protect plaintiff from the use of such force; and 3) plaintiff's third claim, to the extent it alleges that, in violation of the First Amendment, defendants Bennett, Haywood, Walker, Hurrell, Singleton, and Phipps retaliated against plaintiff on May 7, 2004 for plaintiff's prior complaint against defendant Bennett.

Plaintiff, by letter dated March 12, 2008, stated that he had no objections to the Report and Recommendation. However, defendants,

on March 13, 2008, submitted objections to certain portions of the Report and Recommendation.  Specifically, defendants argued that 1) plaintiff failed to exhaust administrative remedies as to the failure-to-protect claims and as to the retaliation claim against defendant Phipps; 2) plaintiff's alleged injuries are insufficient to create a genuine issue of material fact regarding plaintiff's excessive force claims; 3) no genuine issue of fact exists as to whether defendants' relevant conduct on May 7, 2004 was retaliatory; 4) no genuine issue of fact exists as to whether defendants Phipps and Haywood were aware of an excessive risk to plaintiff's health or safety; and 5) all defendants are entitled to qualified immunity.  Accordingly, the Court has reviewed the motion and the underlying record de novo.

Having done so, the Court finds itself in complete agreement with Magistrate Judge Freeman's Report and Recommendation and hereby adopts its reasoning by reference.  Accordingly, the Court dismisses the complaint except for 1) plaintiff's Eighth Amendment claims against defendants Bennett, Haywood, Walker, Hurrell, Singleton, and Phipps based on the events in the shower on May 7, 2004; 2) plaintiff's Eighth Amendment claims against defendants Mendez and Haywood based on the pat frisk on May 12, 2004; and 3) plaintiff's First Amendment claims against defendants Bennett, Haywood, Walker, Hurrell, Singleton, and Phipps based on the events in the shower on May 7, 2004.  The Magistrate Judge is directed to take all necessary steps to make the remaining claims trial ready, including preparation of the Pre-Trial Consent Order.

2

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       March 25, 2008